[No. 12550.  Department Two.  December 18, 1915.]

MAPLEWOOD FARM COMPANY, *Appellant*, v. THE CITY OF
SEATTLE, *Respondent.*[1]

WATERS AND WATER COURSES—CONSTRUCTION OF PUBLIC WORKS—
BREAKING OF DAM—NEGLIGENCE—"ACT OF GOD"—DEGREE OF CARE—
INSTRUCTIONS TO JURY.  In an action for damages to lands, over-
flowed when the superstructure of a city's impounding dam gave way
under flood conditions, the jury is properly instructed that an "act
of God," for which the city would not be liable, means events, acci-
dents or manifestations of nature which proceed from natural causes
and which are unusual or unprecedented and cannot be reasonably
anticipated, such as extraordinary floods, etc., and that the city
would not be liable if the flood was so extraordinary or unprecedented
that it could not be guarded against by the exercise of ordinary care;
the degree of care required by the city in the construction of its dam
being reasonable and ordinary care.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered March 14, 1914, upon the ver-
dict of a jury rendered in favor of the defendant, in an ac-
tion in tort.  Affirmed.

*Farrell, Kane & Stratton* and *Blake & Williams*, for ap-
pellant.

*James E. Bradford* and *Ralph S. Pierce*, for respondent.

MAIN, J.—The plaintiff brought this action for the pur-
pose of recovering damages to his farm lands by the flood
waters from Cedar river.  This river rises in the Cascade
mountains and flows in a westerly direction.  During the
year 1903, the city of Seattle constructed a dam across the
river some miles above where the plaintiff's farm is located.
The water impounded by the construction of this dam was
the source of the city's water supply.  During the year 1909,
a superstructure of approximately five feet in height was
erected upon the top of the dam as constructed during the
year 1903.  The purpose of this superstructure was to in-

[1] Reported in 153 Pac. 1061.

crease the storage capacity of the impounding basin. On November 19, 1911, the superstructure, by reason of the flood conditions, was swept away, thus releasing a large volume of water, which flowed down Cedar river over and upon the lands of the plaintiff, thereby doing the damage for which this action was instituted.

The plaintiff, in its complaint, predicates its cause of action upon alleged negligence in the construction of the superstructure. The city, in its answer, denies negligence, and alleges affirmatively that the flood conditions obtaining at the time the superstructure gave way were unusual and unprecedented, and that the damages, if any, which the plaintiff sustained were caused by the act of God. The allegations of this affirmative defense were denied. The cause was tried to a jury, and resulted in a verdict in favor of the defendant. A judgment having been entered upon the verdict, the plaintiff appeals.

The controlling question upon this appeal is whether the trial court erred in submitting the cause to the jury. In the instruction defining what is meant by the act of God, the jury were told that, by the use of that term, is meant those events, accidents, or manifestations of nature which proceed from natural causes, and which are unusual and unprecedented in character, and "which cannot be reasonably anticipated or guarded against by the exercise of ordinary care and prudence," such as extraordinary floods, freshets, earthquakes, cyclones, lightnings, etc. The jury were further told that if the flood or freshet in question was so extraordinary, unusual, or unprecedented in character that it could not have been reasonably anticipated or guarded against by the exercise of ordinary care, then the city would not be liable for the damages occasioned to the appellant's farm.

In the instruction defining negligence, the degree of care which the city was held to in building the superstructure was that of reasonable and ordinary care. The appellant re-

quested an instruction which imposed upon the city a higher degree of care than that of ordinary care in the construction of the superstructure. The instructions given correctly state the law. The objection urged against them, which is, principally, that the city is not held to a sufficiently high degree of care, is met by the cases of *Kuhnis v. Lewis River Boom & Logging Co.*, 51 Wash. 196, 98 Pac. 655, and *Topping v. Great Northern R. Co.*, 81 Wash. 166, 142 Pac. 425.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, HOLCOMB, and PARKER, JJ., concur.